**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10135 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00658-PJH-4 |
| v. | |
| MILLARD P. CHAMBERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted April 16, 2013[**]
San Francisco, California

Before: GOODWIN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Defendant Millard Chambers appeals his conviction for possession with intent

to distribute or distribution of cocaine, as well as related counts of conspiracy and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

attempt. We affirm except for a limited remand to vacate either the possession or attempt conviction.

Chambers's complained-of errors in the jury-selection process all ultimately fail because no deliberating juror was biased or challengeable for cause. First, denial of a peremptory challenge is reviewed for harmless error where the defendant makes a timely objection and plain error where there is a failure to object. *United States v. Lindsey*, 634 F.3d 541, 550-51 (9th Cir. 2011). Whether we review for plain error or harmless error, the defendant must have been prejudiced. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993). Here, the district court erred in denying both parties a peremptory challenge. Fed. R. Crim. P. 24(c)(4)(A). But the Due Process Clause does not always require strict adherence to procedure, and the loss of a peremptory challenge is not a constitutional violation where "no member of the jury as finally composed was removable for cause." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009); *see also Lindsey*, 634 F.3d at 550 (*Rivera* applicable to federal trials; no violation where no serious argument that final jury was biased), *cert. denied*, 131 S. Ct. 2475 (2011). Chambers offers no substantial argument that any of the final deliberating jurors were biased or challengeable for cause.

Second, as to the denial of challenges for cause, while bias or prejudice in a deliberating juror cannot be harmless error, the Sixth Amendment guarantees only

trial by an impartial jury. *See United States v. Gonzalez*, 214 F.3d 1109, 1111 (9th Cir. 2000). Though the district court may have erred in denying at least one of Chambers's two motions to strike a juror for cause, neither juror deliberated. Thus, there remains no serious argument that his constitutional right to a fair trial was violated. *See Rivera*, 556 U.S. at 158; *see also United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000) (exercise of peremptory challenge is not denied or impaired where used to remove a juror that should have been stricken for cause).

Chambers's complaints regarding the pressured juror and the court's further instructions given at that juror's request fail as well. We review decisions regarding "jury incidents," responses to juror questions, and decisions to give supplemental instructions for abuse of discretion. *United States v. Simtob*, 485 F.3d 1058, 1064 (9th Cir. 2007); *United States v. Verduzco*, 373 F.3d 1022, 1030 n.3 (9th Cir. 2004); *United States v. Solomon*, 825 F.2d 1292, 1295 (9th Cir. 1987). Whether "a judge has improperly coerced a jury's verdict is a mixed question of law and fact we review *de novo*." *United States v. Evanston*, 651 F.3d 1080, 1083 (9th Cir. 2011). Courts must be careful to guard against coercing a verdict where "jurors who d[o] not agree with the majority [feel] pressure from the court to give up their conscientiously held beliefs in order to secure a verdict." *United States v. Williams*, 547 F.3d 1187, 1204 (9th Cir. 2008). In reviewing for coercion, we look to whether "the [trial] court's actions and

statements were coercive in the totality of the circumstances." *Jiminez v. Myers*, 40 F.3d 976, 980 (9th Cir. 1993).

While the juror in question alluded to some form of pressure, her statements are best interpreted as indicating her confusion regarding the elements and definitions contained in the instructions. When asked if she would like further instruction and clarification, she responded affirmatively, and the trial court did just that. It made no comments suggesting the juror should not reconsider her prior guilty vote. In fact, the court's original instructions had explained that no juror should change an honest belief in order to reach a verdict. The district court's decision to reread the requested elements and definitions without the defense's requested cautionary charge was not an abuse of discretion. And, under the circumstances, the district court's failure to give a further safeguarding instruction did not lead to a coerced verdict.

Next, the district court correctly denied Chambers's motion to suppress. We review de novo a denial of a motion to suppress. *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008). We review the factual findings underlying a probable cause determination for clear error. *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993). We need only find that the judge issuing a warrant had a "substantial basis" for finding probable cause. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Probable

cause requires only a "reasonable nexus" between conduct giving rise to cause and the location to be searched. *Pitts*, 6 F.3d at 1369.

While inferring that Chambers lived at Yvonne Burton's residence may not have been sound, the information included in the affidavit was sufficient to independently conclude that evidence of Chambers's illegal activities might be found there. Thus, because the magistrate did not clearly err in finding probable cause, the warrant was valid and the district court's denial of the motion to suppress was correct.

Finally, the parties agree that attempted possession is a lesser-included offense of actual possession of the same cocaine. The double jeopardy prohibition prevents conviction for both an offense and its lesser-included offense. *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). Because Chambers was convicted of both attempted and actual possession of the same cocaine, we remand the case with instructions to vacate one of the counts without prejudice to reinstatement should the other be overturned. *See id.* at 948.

**AFFIRMED in part and REMANDED in part with instructions.**